**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**EMILY RIVERA,**

            **Plaintiff,**                              No. _____

-against-                                        **COMPLAINT**

**LVNV FUNDING LLC,**

            **Defendant.**

---

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for the violation by Defendant LVNV Funding LLC of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. The debt sought to be collected by LVNV Funding LLC was an alleged consumer credit debt of Plaintiff Emily Rivera to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff Emily Rivera ("Rivera") is a natural person residing in the

County of Monroe, State of New York.

4.     Upon information and belief, Defendant LVNV Funding LLC ("LVNV Funding"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5.     LVNV Funding is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts. LVNV Funding is also a debt collector pursuant to 15 U.S.C. § 1692a(6) as a person who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or LVNV Funding itself as a result of the purchase of consumer credit debt already in default at the time of purchase.

6.     Rivera qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

**FACTUAL ALLEGATIONS**

7.     In December of 2015, LVNV Funding caused to be served a collection action on Rivera entitled *LVNV Funding LLC v. Emily Rivera*, Supreme Court of the State of New York, Monroe County, Index No. 2015/9570.

8.     The complaint in the collection action alleged that LVNV Funding purchased and was assigned a credit card account on which Rivera had originally been liable for $2400.73. According to the collection complaint allegations, the obligation for which

2

Rivera was allegedly liable was assigned by an unnamed entity to Citibank (South Dakota), N.A., who then assigned the obligation to Sherman Originator LLC, who then assigned the obligation to LVNV Funding. LVNV Funding further alleged that it was assigned the account after the account had already been in default.

9. Rivera retained an attorney to defend her in the collection action, and incurred liability for attorney fees in the amount of $500.00 and court costs of $140.00. Rivera interposed an answer in which she denied the allegations of the collection action complaint, and raised various affirmative defenses, including lack of standing.

10. Rivera's attorney brought a motion for summary judgment in the collection action in Supreme Court, Monroe County, State of New York, based on LVNV Funding's lack of standing and inability to prove that it was the owner of the alleged credit card account on which the collection action was based. Because LVNV Funding could not show that it owned a credit card account in the amount of $2400.73 on which Rivera was liable, LVNV Funding had no basis on which to attempt to collect any such debt from Rivera through the aforementioned collection action or otherwise.

11. Supreme Court granted Rivera's motion for summary judgment by an order entered in the Monroe County Clerk's Office on July 1, 2016.

12. Further, Rivera has no record of receiving a notice of assignment from the Sherman Originator LLC for the alleged assignment from Sherman Originator LLC to LVNV Funding; no record of receiving a notice of assignment from Citibank (South Dakota), N.A. for the alleged assignment from Citibank (South Dakota), N.A. to Sherman Originator LLC; and no record of receiving a notice of assignment from the unnamed predecessor of Citibank (South Dakota), N.A. for the alleged assignment from the

predecessor of Citibank (South Dakota), N.A. to Citibank (South Dakota), N.A.

**FIRST CLAIM FOR RELIEF – VIOLATIONS OF 15 U.S.C. §§ 1692e and 1692e(2)(A) OF THE FDCPA BASED ON LACK OF OWNERSHIP OF DEBT**

1. Rivera repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

2. LVNV Funding violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  LVNV Funding misrepresented in the collection complaint that for purposes of the collection action it owned through assignment a credit card account on which Rivera was liable for $2400.73 that it obtained from Sherman Originator LLC when in fact it failed to prove for purposes of the collection action and cannot prove that it was the owner of any such account, or was ever assigned such account.

3. LVNV Funding further violated Section 1692e(2)(A) of the FDCPA by falsely representing in its collection summons and complaint the legal status of the alleged debt.  LVNV Funding claimed that it owned the alleged debt of $2400.73 when in fact, LVNV Funding could not prove such ownership as a basis for bringing the collection action, and therefore had no legal basis on which to ever attempt collection of the debt, or claim that Rivera owed it the amount of $2400.73.

**SECOND CLAIM FOR RELIEF – VIOLATION OF 15 U.S.C. § 1692e(5) OF THE FDCPA FOR THREATENING JUDGMENT WITHOUT OWNERSHIP**

4. Rivera repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

5. LVNV Funding violated 15 U.S.C. § 1692e(5) by threatening in the collection

summons and complaint to take action that cannot be legally taken. Specifically, LVNV Funding threatened to take a judgment on the alleged debt against Rivera, including costs and interest, despite the fact that LVNV Funding was not capable of proving ownership of the debt for purposes of the collection action, and therefore could not legally take a judgment against Rivera.

**THIRD CLAIM FOR RELIEF – VIOLATION OF 15 U.S.C. §§ 1692f AND 1692f(1) OF THE FDCPA BASED ON NO AGREEMENT**

1. Rivera repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

2. It is provided in 15 U.S.C. § 1692f, in relevant part: "Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

3. LVNV FUNDING violated the general application of § 1692f because it could not prove that it owned the debt alleged to be owed by Rivera in the collection complaint.

4. LVNV Funding violated the specific conduct prohibited by § 1692f(1) because it could not demonstrate that it was assigned the rights under any agreement that authorized LVNV FUNDING to collect any amount from Rivera with regard to a credit card account allegedly acquired from Sherman Originator LLC.

**FOURTH CLAIM FOR RELIEF – VIOLATION OF 15 U.S.C. §§ 1692e, 1692e(2)(a) AND 1692(5) OF THE FDCPA BASED ON FAILURE TO GIVE RIVERA NOTICES OF ASSIGNMENTS**

5. Rivera repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

6. LVNV FUNDING claimed in its collection summons and complaint that it was assigned a credit card account on which Rivera was liable from Sherman Originator LLC, who was assigned the account from Citibank (South Dakota), N.A., who had been assigned the account from an unnamed predecessor.

7. Rivera has no record of receiving a notice of assignment from the Sherman Originator LLC for the alleged assignment from Sherman Originator LLC to LVNV Funding; no record of receiving a notice of assignment from Citibank (South Dakota), N.A. for the alleged assignment from Citibank (South Dakota), N.A. to Sherman Originator LLC; and no record of receiving a notice of assignment from the unnamed predecessor of Citibank (South Dakota), N.A. for the alleged assignment from the predecessor of Citibank (South Dakota), N.A. to Citibank (South Dakota), N.A.  Rivera continues to deny that there was any valid assignment, but in any event, LVNV Funding was not legally entitled to undertake collection of the alleged debt pursuant to New York State without notices of these alleged assignments.

8. Failure to provide such notices of assignments prior to collecting and/or threatening collection on the alleged assigned account gives rise to a violation of the FDCPA, 15 U.S.C. § 1692e(5), which prohibits threats to take action that is not legally authorized.  LVNV Funding also violated 15 U.S.C. §§ 1692e and 1692e(2)(a), by falsely,

deceptively, and misleadingly representing that it had the right to collect against Rivera on an assigned debt even though Rivera, upon information and belief, did not receive any notices of assignment from LVNV Funding's alleged predecessors.

9. As a result of the above violations of the FDCPA, LVNV FUNDING is liable to Rivera for her actual damages for the cost of attorney fees in defending the lawsuit in Supreme Court, Monroe County, in the amount of $500.00 plus court costs of $140.00, statutory damages, and costs and attorney fees for prosecuting this action.

**FIFTH CLAIM FOR RELIEF – DECEPTIVE PRACTICES UNDER NEW YORK LAW**

1. Plaintiff repeats and realleges the foregoing allegations of the complaint.

2. As stated above, LVNV Funding deceptively attempted to collect a consumer debt from Rivera to which the Court determined LVNV Funding could not prove ownership in the collection action, and also deceptively asserted a right to collect even though proper notices of assignment were not provided to Rivera prior to any collection activities taking place.

3. The foregoing deceptive acts and practices in the conduct of its debt collection business with regard to Rivera violated New York General Business Law §349, thereby causing damages to Rivera.

4. New York General Business Law §349(a) provides as follows: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

5. LVNV Funding's deceptive conduct was consumer oriented in that it engaged in deceptive collection activities against Rivera with respect to an alleged

consumer debt, and which could affect the public at large.  In fact, LVNV Funding engages in collecting consumer debts with regard to numerous other residents of New York in the public at large.

6. LVNV Funding's practices were deceptive and misleading in a material way.  The deceptive practices were likely to mislead a reasonable consumer acting reasonably under the circumstances.

7. As a result of LVNV Funding's deception, Rivera suffered actual damages consisting of attorney fees and court costs of $640.00 incurred in defending against LVNV Funding's deceptive collection practices.

8. Plaintiff is also entitled to an award of reasonable attorney fees for prosecuting this action pursuant to §349 of the New York General Business Law.

9. Plaintiff is entitled to punitive damages based on the egregious and unconscionable deceptive practices of LVNV Funding LLC in pursuing debt collection on debts to which it cannot show ownership, as well as collecting on assigned debts for which no notice of assignment has been given to the debtor. These deceptive practices clearly have the potential to affect the public at large. LVNV Funding's conduct is so flagrant that it transcends mere carelessness.

10. Rivera is entitled to treble damages up to $1,000.00 provided for under §349 of the New York General Business Law, since LVNV Funding willfully and knowingly violated §349.

11. Rivera may also be entitled to statutory damages pursuant to §349 of the New York General Business Law.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual and statutory damages in amounts to be determined by the Jury and/or Court in Plaintiff's FDCPA claims pursuant to 15 U.S.C. § 1692k.

B. Actual, statutory, treble and punitive damages in amounts to be determined by the Jury and/or Court in Plaintiff's State deceptive practices claim pursuant to New York State General Business Law § 349.

C. Costs and reasonable attorney fees on the FDCPA claims pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees on the State deceptive practices claim pursuant to New York State General Business Law § 349.

E.  Such other and further relief as may be just and proper.

Dated: November 2, 2016

### *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff demands trial by jury in this action.

> Respectfully submitted,
>
> /s/ David M. Kaplan
> David M. Kaplan
> Attorney for Plaintiff
> 401 Penbrooke Dr., Bldg. 2, Ste. B
> Penfield, NY 14526
> 585-330-2222
> dmkaplan@rochester.rr.com